**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

MICHAEL ANTHONY JOE,

       *Plaintiff,*

*v.*

MICHIGAN DEPARTMENT
OF CORRECTIONS, and HEIDI
WASHINGTON, Correctional Facilities
Administrator,

       *Defendants.*

_____/

CASE NO. 4:22-CV-12085
DISTRICT JUDGE SHALINA D. KUMAR
MAGISTRATE JUDGE PATRICIA T. MORRIS

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS
## (ECF No. 3)

### I.    RECOMMENDATION

For the following reasons, I **RECOMMEND** that the Court **GRANT** Defendants' motion to dismiss (ECF No. 3) and **DISMISS** Plaintiff's complaint.

### II.    REPORT

#### A.    BACKGROUND

Plaintiff filed the instant complaint on September 1, 2022. (ECF No. 1.) Plaintiff cites, as the basis for jurisdiction , federal question jurisdiction citing 18 U.S.C. §§ 245, 242, 241, and the 2006 Convention on Persons with Disabilities and the 1984 Convention against Torture. Under the heading statement of claim, Plaintiff writes:

> While incarcerated at Oaks Correctional Facility I was taken out of my cell to take a picture to be published on OTIS [Offender Tracking and Information System]. Until years later I didn't notice that my subconcious mind was right about my surroundings dealing with gang stalking. Eventhough I had encountered several mental health professionals

1

that diagnosed me as schizophrenia I noticed after being released from Ionia County Jail that the looks and stares of people of all kinds centered around the drawing of a number six on my face published on the Offender Information Tracking (OYIS) website.

(ECF No. 1, PageID.4.)(use of sic omitted throughout) Under the heading relief, Plaintiff states:

For the past 9 years I have become the victim of several random assaults both in and out of prison. One of these assaults, which took place at Lakeland Correctional Facility caused me to lose years of original sheet music including tailored music loops which was never popular in prison but now possibly trending and worth over $300,000,000. I have lost nearly all relationships with family and friends inadvertently showing me that Im now 'a guinea pig' of V2K threats and rumors, receiving very little guidance on how to obtain relief from the stigma and its news publishings, academic literature and case law.

My ability to understand and produce music has been vegetized by the psychic driving of free association, causing me to lose years of youth and high level music industry connections. Since being left in prison under this and other conditions I experience clicking sounds in both my ears as well as my nose accompanied by the sound of chattering in my throat. According to my feeling of truth as a metal health patient and religious advocate I need to undergo numerous tests under anechoic chambers and other maritime procedures in order for freedom of thought to be established under the United States Constitution costing billions of dollars. I also am requesting emergency housing and relief money dur to my homeless status.

(ECF No. 1, PageID.4-5.)(use of sic omitted throughout)

Defendant field the instant motion to dismiss (ECF No. 3) on September 20, 2022. Plaintiff responded on November 1, 2022. (ECF No. 9.) The Court has considered all the arguments raised in the pleadings.

## B.    LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint with regard to whether it states a claim upon which relief can be granted. When deciding a motion under this subsection, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand*

*C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007) (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

The Supreme Court has explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth . . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

3

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Indus.– Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997).

## C.    ANALYSIS

18 U.S.C. §§ 245 (infliction of emotional distress), 242 (deprivation of civil rights), and 241 (conspiracy against civil rights) are criminal statutes that do not create any private cause of action. *Young v. Overly*, 2018 WL 5311408, at *2 (6th Ctr. 2018); accord, *Bey v. Ohio*, 2011 WL 5024188, at *3 (N. D. Ohio Oct. 19, 2011). "Because the federal criminal statutes [Plaintiff] alleges that the defendants violated do not confer any rights on him, these claims did not state claims upon which relief may be granted." *Young,* at *2. Thus, these claims should be dismissed.

In addition, Plaintiff has "no cause of action under the Convention Against Torture because it is not self-executing." *Renkel v. United States*, 456 F.3d 640, 645 (6th Cir. 2006). Nor do Plaintiff's allegations support "a cause of action under any domestic law implementing the United States' obligation under the Constitution." *Id*. at 645. Nor does the Convention on the Rights of Persons with Disabilities create a private cause of action. *Townsend v. N.J. Transit and*

4

*Amalgamated Transit Union,* 2010 WL 3883304, at *5 (D. N.J. Sept. 27, 2010). Therefore, these claims should also be dismissed.

## III.   CONCLUSION

For these reasons, I **RECOMMEND** that the Court **GRANT** Defendants' motion to dismiss (ECF No. 3) and **DISMISS** Plaintiff's complaint.

## IV.   REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it

pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  November 2, 2022                    S/ PATRICIA T. MORRIS
                                           Patricia T. Morris
                                           United States Magistrate Judge